IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILLIP DANIELS,                  :        CIVIL ACTION NO. **3:CV-05-0830**
                                  :
          Plaintiff               :        (Judge Conaboy)
                                  :
          v.                      :        (Magistrate Judge Blewitt)
                                  :
                                  :
JEFFERY A. BEARD, et al.,          :
                                  :
          Defendants              :

**REPORT AND RECOMMENDATION**

**I. Background.**

The Plaintiff, Phillip Daniels, an inmate at the State Correctional Institution at Dallas ("SCI-Dallas") filed this civil rights action, *pro se*, on April 26, 2005, pursuant to 42 U.S.C. § 1983. (Doc. 1). The Plaintiff also filed an *in forma pauperis* application. (Doc. 2).[1] We then preliminarily screened the Complaint pursuant to the Prison Litigation Reform Act. On May 18, 2005, we recommended that Defendants Wynder, Bleich, Kneiss, Beard, Prison Health Services ("PHS"), Ginnochette and Stanish be dismissed for failure to state a claim against them pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and that this case proceed with respect to Plaintiff's Eighth Amendment claim against Defendants Bohinski and Wisnewski. We also recommended that this action be remanded to the undersigned for further proceedings as to only the Eighth Amendment claim against Defendants Bohinski and Wisnewski. (Doc. 7). On July 26, 2005, the District Court issued an

---

[1]By separate Order, we denied Plaintiff's Motion to Appoint Counsel. (Docs. 3& 8).

Order adopting our Report and Recommendation as detailed above.  (Doc. 13).

      While our Report and Recommendation was pending with the District Court, Plaintiff filed an Amended Complaint on June 10, 2005 along with a support Memorandum.  (Docs. 11 & 12).

      Plaintiff re-names several Defendants in his Amended Complaint who were also named in his original Complaint and who have now been dismissed by the District Court.[2]  Specifically, the Plaintiff re-names, in part, as Defendants in his Amended Complaint Wynder, Bleich, Kneiss, Beard, Ginnochette and Stanish, and these Defendants have been dismissed.  (Doc. 11, p. 1 & Doc. 13). Plaintiff also re-names Dr. Bohinski and P.A. Cheryl Klisnewski[3] as Defendants in his Amended Complaint.  Since the Plaintiff's Eighth Amendment claim has already been allowed by the District Court to proceed with respect to Defendants Dr. Bohinski and P.A. Cheryl Klisnewski, we shall recommend that service of both Plaintiff's original and amended pleadings (Docs. 1 & 11), be made on these two Defendants following remand of this case to the undersigned.  However, with respect to Plaintiff's attempt to re-name Wynder, Bleich,  Kneiss, Beard, Ginnochette and Stanish as Defendants in his Amended Complaint, we find that for the same reasons as stated in our prior Report and Recommendation, as well as for the additional reasons detailed below, these

---

     [2]Plaintiff did not re-name PHS as a Defendant in his Amended Complaint, and this Defendant was dismissed by the District Court.  (Doc. 13.)

     [3]It appears as though we misread Plaintiff's original Complaint as to the spelling of Defendant P.A. Cheryl Klisnewski's name as "Wisnewski," and we shall direct the Clerk of Court to amend the docket as to the correct spelling of this Defendant's name.

Defendants should once again be dismissed from this action.[4]  Further, Plaintiff names four (4) new Defendants in his Amended Complaint, namely James McGrady, Deputy Superintendent, CO Prapuolenis, Captain Schoonover, and Donald Jones, Hearing Examiner.  (Doc. 11, pp. 1-2, ¶ 4.). We shall thus screen the Amended Complaint with respect to the new Defendants as well as the previously dismissed Defendants.

## II.  Discussion.

The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6]  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[4]We hereby incorporate by reference our discussion in our prior Report and Recommendation (Doc. 7) with respect to the dismissal of Defendants Wynder, Bleich, Kneiss, Beard, Ginnochette and Stanish.  Previously, we found that  supervisory Defendants Beard, Wynder and Kneiss  should be dismissed based on the doctrine of *respondeat superior* and that Plaintiff failed to state a claim against Defendants Bleich, Ginnochette and Stanish.

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6]The Plaintiff completed an Application to Proceed *in forma pauperis* (Doc. 2) and authorization to have funds deducted from his prison account.  (Doc. 5).

We have reviewed the allegations of the Amended Complaint and have determined that seven (7) of the twelve (12) Defendants named therein are again subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  Further, the three new Defendants and the new unrelated retaliation claim against Defendants CO Prapuolenis, Capt. Schoonover and DHO Jones should be dismissed without prejudice pursuant to Rule 20 and Plaintiff should be directed to file a separate action against them.

In an action brought pursuant to 42 U.S.C. § 1983, the Plaintiff must prove the following two essential elements in order to state a claim:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

In his amended pleading, the Plaintiff names twelve (12) Defendants, of which ten are alleged to be employees of SCI-Dallas.  One Defendant (Beard) is Secretary of the Pennsylvania Department of Corrections ("DOC"), and the other Defendant, Dr. Stanish, is DOC Eastern Regional Director.  These DOC supervisory Defendants cannot be held responsible for their subordinate DOC employees based on *respondeat superior*.  The twelve Defendants in the Amended Complaint are: Jeffery A. Beard, Secretary of the Pennsylvania DOC; James T. Wynder, Superintendent; Kneiss, Deputy Superintendent; James McGrady, Deputy Superintendent; Fritz Bleich, Lieutenant; Patricia Ginnochetti, HCA; Dr. Bohinski, SCI-Dallas Medical Director; Sr.

4

Stanish; P.A. Cheryl Klisnewski[7]; CO Prapuolenis; Capt. Schoonover; and Hearing Examiner Donald Jones. (Doc. 11, pp. 1-2). All of the Defendants are prison officials of the Pennsylvania DOC.[8] The Plaintiff seeks compensatory and punitive damages for pain and suffering as well as injunctive relief. (Doc. 11, p. 7).

When evaluating a pleading for failure to state a claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976). A complaint filed by a *pro se* party should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citation omitted).

---

[7]Plaintiff names P.A. Klisnewski as a Defendant, but as stated above, we incorrectly read this Defendant's name in the original Complaint. We shall direct the Clerk of Court to correct the name of this Defendant on the docket.

[8]All of the Defendants are state actors for purposes of § 1983.

The Amended Complaint as against all of the Defendants is in their official and individual capacities.[9]  (Doc. 11, p. 2).

*A. Eighth Amendment Conditions of Confinement Claim*

Plaintiff claims in his Amended Complaint that Defendant Bleich knew that there were no ladders for inmates to use to access top bunks and that they had to jump from desk tops to get on the top bunk.  Plaintiff avers that the failure of Defendant Bleich to include ladders in cells amounted to his deliberate indifference to a risk of serious harm to Plaintiff.  Plaintiff claims that Defendant Wynder, as facility manager, violated his duty to ensure the safety of cells by failing to

---

[9]Insofar as Plaintiff's attempt  to sue the Defendants in their official capacities seeking monetary damages, he cannot do so.  The Amended Complaint, to the extent it is  against all of the Defendants in their official capacities (Doc. 11, p. 2, ¶ 6.), and to the extent that it seeks monetary damages, should be dismissed on the grounds that such an action is barred by the Eleventh Amendment.  The Eleventh Amendment applies to claims asserted in federal court under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  It prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself.  *Pennhurst State Schools and Hospital v. Halderman,* 465 U.S. 89 (1984); *Allegheny County Sanitary Authority v. United States Environmental Protection Agency,* 732 F.2d 1167 (3d Cir. 1984).  Based on the above, the Plaintiff's Amended Complaint  against the Pennsylvania Department of Corrections Defendants, to the extent it names them in their official capacities, seeking monetary relief are barred by the Eleventh Amendment and, thus, are subject to dismissal.
As stated, to the extent that the Plaintiffs seek monetary damages, the Defendants are immune under the Eleventh Amendment in their official capacities.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990).  We believe that payment of any money judgment rendered against the Defendants, who are indisputably employees working for a prison within the Pennsylvania DOC (Doc. 11, p. 2, ¶ 5.), would have to be paid out of the Pennsylvania  State Treasury.  Further, the Pennsylvania DOC, which employs the Defendants, receives its funding from the state and does not enjoy any measure of autonomy.  *See Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F. 2d 807, 818 (3d Cir. 1991).

address the absence of ladders in cells.  Plaintiff avers that the lack of a ladder was a direct cause of his fall while he was climbing to the top bunk and of the injuries he sustained.  Plaintiff essentially makes the same averments about the other supervisory Defendants, *i.e.* Defendants Kneiss, McGardy, and Beard.  (Doc. 11, pp. 2-3).

Plaintiff's claim regarding the stated Defendants' failure to install ladders for inmates to access top bunks in their cells does not state an Eighth Amendment conditions of confinement claim.

The Court in *Castro v. Chesney*, L 767467, *5-6 (E.D. Pa. 1998), stated:

> The Supreme Court recognized that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." *Id.*

> In determining whether or not an inmate has been deprived of the minimum civilized measure of life's necessities, the Court may consider the duration of the deprivation experienced by the prisoner. *See Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 685, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) ("[I]n considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits.  The longer the prisoner is without such benefits, the closer it becomes to being an unwarranted infliction of pain." (internal citations omitted)).  The second prong is a subjective inquiry that requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference.  *Wilson*, 501 U.S. at 303.

In *Blackiston v. Johnson*, L 725003, *6 (E.D. Pa. 1994), the Court stated that:

> The [Eighth] Amendment requires prison officials to provide humane conditions of confinement and insure that inmates receive adequate food, clothing, shelter, protection and medical care.  *Farmer*, 114 S.Ct. at 1976; *Helling*, 113 S.Ct. at 2480; *DeShaney v. Winnebago Co.*

*Dept. of Social Services*, 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-1006 (1989).

The objective component of a conditions of confinement claim brought under the Eighth Amendment requires the Court to consider whether a prison official's act or omission resulted in the denial of "the minimal civilized measure of the life's necessities." *Farmer*, 114 S.Ct. at 1977 (*quoting Rhodes*, 452 U.S., at 347, 101 S.Ct., at 2399). The Court must inquire into whether the condition the inmate complains of is "so grave that it violates contemporary standards to decency." *Helling*, 113 S.Ct. at 2482; *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399; *Estelel*, 429 U.S. at 103-104, 97 S.Ct. at 290-291; *Kost v. Kozakiewicz*, 1 F.3d 176, 188 (3d Cir. 1993). The Constitution, however, does not mandate comfortable prisons. *Hudson*, 112 S.Ct. at 1000. The subjective component of an Eighth Amendment conditions of confinement claim requires that the prison official have a "sufficiently culpable state of mind" which, in the context of a case alleging unconstitutional conditions of confinement, means that the officials acted with deliberate indifference to the inmate's health or safety. *Farmer*, 114 S.Ct. at 1977; *Wilson*, 501 U.S. at 302-303, 111 S.Ct., at 2326-2327; *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291; *Kost v. Kozakiewicz*, 1 F.3d at 188. Defining deliberate indifference, the Supreme Court in *Farmer* held that a prison official may not be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 114 S.Ct. at 1979.

We conclude that being deprived of a ladder to climb to a top bunk was not a denial of "the minimal civilized measure of life's necessities," and a violation of contemporary standards of decency." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399. We shall therefore recommend that this case be dismissed with respect to the Eighth Amendment conditions of confinement claim against Defendants Bleich, Wynder, Kneiss, McGrady and Beard . (Doc. 11, pp. 2-3).

Moreover, this claim regarding the failure to provide a ladder to access the top bunk

resembles a negligence claim, and as such, there is no § 1983 constitutional tort action.  It is well-settled that mere negligence is not an actionable §1983 claim.  *See Davidsen v. O'Lone,* 752 F.2d 817 (3d Cir. 1984); *Daniels v. Williams*, 474 U.S. 327 (1986).

Thus, Defendants Bleich, Wynder, Kneiss and Beard should once again be dismissed from this action, along with new Defendant McGrady.

B. *Eighth Amendment Denial of Medical Care Claim*

While Plaintiff did not allege any personal involvement of Dr. Stanish in his original pleading, he avers in his amended pleading that Defendant Dr. Stanish is the Medical Director for the Pennsylvania Department of Corrections Eastern Region.  Plaintiff simply avers that Defendant Stanish should have known that his subordinates were violating his Eighth Amendment rights by not providing him with proper medical treatment.  (Doc. 11, pp. 4-5, ¶'s 34.-35.).  There is no claim that Defendant Stanish had any direct involvement in Plaintiff's medical treatment at SCI-Dallas after his fall from his bunk or that this Defendant was responsible for the alleged denial of adequate care.  Plaintiff again fails to allege any basis of personal involvement by Defendant Stanish and, as we discussed in our previous Report and Recommendation, *respondeat superior* is not sufficient to hold this Defendant liable. Thus, Defendant Stanish should again be dismissed.

Plaintiff avers that Defendant Ginnochetti dictates what medical treatment is implemented based on a cost effective analysis.  Plaintiff alleges that Defendant Ginnochetti conspired with Defendants Bohinksi and Klisnewski to place the PHS budget before his medical needs since he was

only given Tylenol for pain instead of a prescription pain medicine. (*Id.*, p. 5, ¶'s 37.-38.).[10]

Plaintiff fails to state a conspiracy claim against Defendant Ginnochetti.

The Third Circuit in *Jones v. Maher*, Appeal No. 04-3993 (3d Cir. 2005), slip op. p. 5, stated

that broad and conclusory allegations in a conspiracy claim are insufficient to state a viable claim.

(Citation omitted).  Also, the United States District Court for the Middle District of Pennsylvania,

in *Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992), aff'd. 980 F. 2d 722 (3d Cir.

1992), *cert. denied* 510 U.S. 829 (1993), stated as follows:

> Bare conclusory allegations of "conspiracy" or "concerted action"
> will not suffice to allege a conspiracy.  The plaintiff must expressly
> allege an agreement or make averments of communication,
> consultation, cooperation, or command from which such an
> agreement can be inferred.  In *Waller v. Butkovich,* 584 F.Supp. 909,
> 931 (D.C.N.C. 1984), the district court outlined the pleading
> requirements in a conspiracy action.
>
>> In most cases, a bare conclusory allegation of 'conspiracy'
>> or 'concerted action' will not suffice.  The plaintiffs must
>> expressly allege an agreement or make averments of
>> 'communication, consultation, cooperation, or command'
>> from which such an agreement can be inferred . . .
>> (Citation omitted.) . . .  Allegations that the defendants'
>> actions combined to injure the plaintiffs are not a
>> sufficient basis from which to imply a conspiracy . . .
>> (Citation omitted.)
>> Additionally, the plaintiffs must make 'specific factual
>> allegations connecting the defendant to the injury' . . .
>> (Citations omitted.) . . .

---

[10]Since we again recommend that Plaintiff's Eighth Amendment improper medical care claim against Defendants  Bohinksi and Klisnewski proceed, we shall not detail Plaintiff's allegations in his Amended Complaint against them.

The Plaintiff fails to state a conspiracy claim against HCA Ginnochetti, in that he does not allege an agreement between her and the two remaining Defendants to deliberately treat his medical ailments improperly.  There is no allegation that HCA Ginnochetti played any role in the decision to treat his pain with Tylenol.  We find that Plaintiff's bare conclusory allegations of conspiracy against HCA Ginnochetti  are inadequate to allege a conspiracy claim.  *See Flanagan, supra*.

Further, since the Plaintiff was being treated by the prison medical staff, Dr. Bohinski and PA Klisewnski, Defendant Ginnochetti, HCA cannot be held liable under *Durmer*.

Specifically, Plaintiff alleges that Defendant Ginnochetti violated his Eighth Amendment rights by directing that only cost effective prescriptions be given to inmates.  (Doc. 11, p. 5, ¶'s 36.-37.). The Plaintiff has failed to state a viable claim against this Defendant, since she was not a physician and he was receiving his medical treatment from the prison doctor and P.A., even though he disagreed with the treatment rendered and felt that the prescribed Tylenol was not adequate to treat his constant pain.

Any claim that Defendant Ginnochetti was deliberately indifferent to the Plaintiff's serious medical needs must fail.  The stated Defendant, a non-physician, cannot be found deliberately indifferent to the Plaintiff's serious medical needs, as the Plaintiff acknowledges that he was under the care of the prison doctor and P.A.  *Durmer*, 991 F.2d. at 69 (3d. Cir. 1993).  The decision to treat Plaintiff with Tylenol pain medication was made by the treating Defendant doctor.  We recognize that in the case of *Devern v. SCI-Graterford*, 2004 WL 1552000 * 1 (E.D. Pa.), the Court limited *Durmer* and held that a "non-physician supervisor may be liable under § 1983 if he had

knowledge or reason to know of medical mistreatment."  In our case, the Plaintiff does not assert that Defendant Ginnochetti was involved with the decision to treat Plaintiff with Tylenol  pain medication.  Nor is it alleged that this Defendant knew that Plaintiff's treatment by the medical staff with Tylenol pain medication was improper or inadequate.

Plaintiff attempts to make the stated Defendant responsible for the conduct of the treating doctor whom he admits was providing him with care.  Liability in a § 1983 case may only be based on the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials,* 546 F. 2d 1077 (3d Cir. 1976); *Rizzo v. Goode,* 423 U.S. 362 (1976).  There is no claim that Defendant Ginnochetti had any direct involvement in Plaintiff's denial of medical  treatment claim or that she had knowledge of any medical mistreatment.  As stated, all of the actions taken with respect to Plaintiff's care were performed by the Defendant doctor.  HCA Ginnochetti is not alleged to have prescribed the claimed ineffective Tylenol for Plaintiff 's pain.  Plaintiff cannot hold the non-physician Defendant liable on the basis of *respondeat superior,* as he tries to do in this case.  *Id.*

Our conclusion is supported by this very Court's decision in *Chimenti v. Kimber,* Civil No. 01-0273 (M.D. Pa. 2002), aff'd. in part Third Circuit Appeal No. 03-2056 (6-8-05).  In *Chimenti,* as in this case, the Plaintiff was under the care of the prison's medical staff and the Commonwealth Defendants were not physicians, nor were they involved in his care.  The Court held that under *Durmer,* there was no basis for an Eighth Amendment claim against any of the Commonwealth Defendants.  *Id.* at pp. 17-18.

C.  *No Right to Grievance Procedure*

Plaintiff states that he tried to report his claimed denial of proper medical treatment to supervisory Defendants Wynder, Kneiss, McGrady, Ginnochetti, Stanish, Bohinski and Bleich through numerous grievances and requests slips, but relief has not been provided.  (*Id.*, p. 5, ¶ 40.). Plaintiff has no constitutional right to a grievance procedure, and the alleged failure of the Defendants to provide him with relief to his requests and grievances does not amount to a constitutional violation.

This Court in *Chimenti, supra,* held that "[t]he mere fact that the Commonwealth Defendants responded to [inmate's] grievances does not support an inference that they were deliberately indifferent to his medical needs."  *See Chimenti,* slip op. at 17.  Plaintiff alleges in his Amended Complaint that he tried to report his alleged ineffective medical treatment to the supervisory Defendants, *i.e.* Wynder, Kneiss, McGrady, Ginnochetti, Stanish, Bohinski and Bleich, by filing request slips and grievances, but that no relief was ever provided. (Doc. 11, p. 5, ¶ 40.).  The stated supervisory Defendants were entitled to rely upon the opinions of the medical staff at the prison. Therefore, these Defendants' alleged failure to provide relief in response to Plaintiff's grievances is not sufficient to state a §1983 claim against them.  Further, there is no allegation by Plaintiff that these Defendants improperly interfered with the medical professionals or adversely affected Plaintiff's medical treatment in any way.  Moreover, to the extent that the Plaintiff claims these Defendants failed to take corrective action on his medical complaints and refused to respond to his grievances, these allegations fail to state a claim, since this Court has held that there is no constitutional right to a grievance procedure.  *Id*. at 18 n. 8; *Johnson v. Harding*, Civil No. 99-977,

slip op. at p. 8 (M.D. Pa. 2000), *citing Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977).

Therefore, we shall recommend that all Defendants except for Bohinski and Klisnewski be dismissed.

### D.  Retaliation Claim Against Defendants Prapuolenis, Schoonover & Jones

Plaintiff's Amended Complaint also contains a new claim unrelated to his original Eighth Amendment claim against new Defendants Prapuolenis, Schoonover and Jones.  Plaintiff avers that he was retaliated against for his complaint that Prapuolenis used excessive force in handcuffing him on December 24, 2004, that he was issued a misconduct for complaining about the incident, that Defendant Schoonover approved this conduct, and that Defendant Jones, in furtherance of the "retaliation conspiracy," found him guilty of the misconduct and imposed sanctions, including thirty (30) days disciplinary confinement.  (Doc. 11, pp. 5-6).  We find that these retaliation claims are not properly joined in and apart of the same transaction as Plaintiff's original Eighth Amendment claim with respect to his November 14, 2004, fall from his top bunk and alleged denial of proper medical care.  Accordingly, the new retaliation claim should be filed in a separate action.

 Fed. R. Civ. P. 20 (a) provides:

(a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs

14

according to their respective rights to relief, and against one or more
defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against,

a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and

presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay

Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).  "Permissive joinder is not, however,

applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right

to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the

same transaction or occurrence, or series of transactions or occurrences; and (2) some question of

law or fact common to all the parties must arise in the action."  *Mosley v. General Motors Corp.*,

497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff should be directed to file a separate complaint with respect to his retaliation claim

against Defendants Prapuolenis, Schoonover and Jones since these new claims in his amended

pleading do not arise out of the same transaction or occurrence or series of transactions or

occurrences and do not that have questions of law or fact common to the original Defendants and

the original Eighth Amendment claims.  Plaintiff should file a separate action as to the stated new

Defendants and new retaliation claim, since it does not share common legal and factual questions

and since it does not arise out of the same transactions or occurrences as his original Eighth

Amendment claims.  As stated, Plaintiff's new retaliation claim in his Amended  Complaint contains

allegations that are unrelated to his original Eighth Amendment claims  and did not occur within

the same time period or involve the same parties.  Plaintiff's Amended Complaint includes a

retaliation claim that does not arise out of the same transaction or occurrence or series of transactions or occurrences as his original Eighth Amendment claims.  The stated retaliation claim of Plaintiff does not involve an issue of law or fact common to all Defendants. Such a pleading is completely unmanageable and would be impossible for Defendants to respond to if all of the claims are left together in one action.   Plaintiff's retaliation claim against Defendants Prapuolenis, Schoonover and Jones should be dismissed without prejudice to file as a separate action.[11]

---

[11]The Plaintiff's claim against Defendant Hearing Examiner Jones, may also be *Heck* barred.

In the case of *Portley-El v. Brill*, 288 F. 3d 1063 (8th Cir 2002), the Court held that when an inmate is challenging issues which affect the length of sentence, such as loss of good time credits from prison disciplinary proceedings, a habeas corpus petition and not a civil rights action is the exclusive federal remedy.  To the extent that the Plaintiff seeks monetary damages regarding his claim of denial of due process (*i.e.* that DHO Jones found him guilty as part of a retaliatory conspiracy , (Doc. 11, p. 6, ¶ 45..)) during his disciplinary hearing, a due process damage claim may be  barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364 (1994), the Court adopted the so-called favorable termination rule, which provides that if the success of a civil rights damages suit "would necessarily imply the invalidity of his conviction or sentence," then the Plaintiff-prisoner's claim is cognizable only if he can prove that his conviction or sentence was reversed, invalidated, or called into question by a grant of federal habeas corpus relief.   Since the Plaintiff in the present case directly attacks the constitutionality of his disciplinary hearing conviction and if reversed may lead to the restoration of any lost good time credits, he may be requesting relief that would alter the term of his confinement if he is construed as seeking to expunge his disciplinary conviction. If *Heck*'s favorable termination rule applied in this case, Plaintiff would have to first establish that his disciplinary conviction by Defendant Jones was invalidated by a grant of federal habeas corpus relief.  *See Nelson v. Campbell*, ___ U.S. ____, 124 S.Ct. 2117, 2124 (2004).  *But see Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303 (2004) (civil rights action not *Heck* barred where inmate did not seek to expunge misconduct charge since it could not be construed as seeking a judgment at odds with inmate's conviction or calculation of time to be served on underlying sentence).

## II.  Recommendation.

Based on the foregoing, it is respectfully recommended that Defendants Wynder, Bleich,

Kneiss, McGrady, Beard, Ginnochetti and Stanish be dismissed for failure to state a claim against

them pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  It is recommended that Plaintiff's retaliation claim

against Defendants Prapuloenis, Schoonover and Jones be dismissed without prejudice since this

claim is not related to the occurrence as issue in this case.  Further, it is recommended  that this

case proceed with respect to Plaintiff's Eighth Amendment claim against Defendants Bohinski and

Klisnewski.  It is also recommended that this action be remanded to the undersigned for further

proceedings as to only the Eighth Amendment claim against Defendants Bohinski and Klisnewski.[12]

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 12, 2005**

---

[12]As noted above, we find that Defendants Bohinski and Klisnewski are immune from
this suit under the Eleventh Amendment in their official capacities with respect to Plaintiff's
requested relief for money damages.  *Dept. of State Police*, 491 U.S. 558 (1989).

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP DANIELS, | : | CIVIL ACTION NO. **3:CV-05-0830** |
| | : | |
| Plaintiff | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| | : | |
| JEFFERY A. BEARD, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 12, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

18

witnesses or recommit the matter to the magistrate judge with instructions.



_____ s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: August 12, 2005**