IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
PHILLIP DANIELS,                   :
                                   :
     Plaintiff,                    :     Civil Action 3:05-cv-830
                                   :
     v.                            :
                                   :
JEFFERY A. BEARD, et al.,          :     (JUDGE CONABOY)
                                   :     (Magistrate Judge Blewitt)
                                   :
     Defendants.                   :
_____
```

MEMORANDUM and ORDER

Before the Court is Magistrate Judge Blewitt's Report and Recommendation of August 12, 2005, (Doc. 15), regarding Plaintiff's § 1983 and Eighth Amendment claims.  The Magistrate Judge screened Plaintiff's claims pursuant to 28 U.S.C. § 1915 and recommends that Plaintiff's § 1983 claim and Eighth Amendment conditions of confinement claim be DISMISSED and that his Eighth Amendment inadequate medical treatment claim PROCEED against Defendants Bohinski and Klisnewski.  Furthermore, the Magistrate Judge recommends that the Court REMAND this case to him for further proceedings.

On May 18, 2005, the Magistrate Judge issued a Report and Recommendation, (Doc. 7), recommending that Plaintiff's Complaint be dismissed as to Defendants Wynder, Bleich, Kneiss, Beard, Prison Health Services ("PHS"), Ginnochette and Stanish for failure to state a claim, the case proceed with respect to Plaintiff's Eighth Amendment claim against Defendants Bohinski and Klisnewski, and the action be remanded to him for further proceedings.  This Court adopted the Magistrate Judge's Report and Recommendation on July

26, 2005.  (Doc. 13).  However, on June 6, 2005, Plaintiff filed an Amended Complaint, (Doc. 11), without the leave of this Court, and added Defendants McGrady, Prapuolenis, Schoonover and Jones and removed PHS from the action.  The Magistrate Judge's August 12, 2005, Report and Recommendation addresses Plaintiff's Amended Complaint.[1]

This case arises from a Complaint filed by Plaintiff on April 26, 2005.  On November 11, 2004, Plaintiff fell while attempting to climb from his desk chair onto his assigned top bunk.  Plaintiff was injured in the fall and was treated at the infirmary at SCI-Dallas.  Plaintiff claims that the infirmary failed to provide him with adequate medical care by only treating his pain with Tylenol rather than a prescription pain drug.  Additionally, Plaintiff claims that inmates assigned to the top bunk should have been provided with a ladder to reach the assigned bed.

On September 15, 2005, Plaintiff filed objections to the Magistrate Judge's August 12, 2005, Report and Recommendation.  (Doc. 20).  Therefore, we will make a de novo determination regarding the matters to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1)(C).

After a thorough examination of the record, we will ADOPT the Magistrate Judge's Report and Recommendation and order that Plaintiff's Eighth Amendment inadequate medical care claim against

---

[1] The docket of the Third Circuit Court indicates that Plaintiff filed an appeal with the Circuit Court on August 31, 2005.  According to the docket, Plaintiff's appeal has been "listed for possible dismissal."

2

Defendants Bohinski and Klisnewski proceed before the Magistrate Judge.

I.   BACKGROUND[2]

On April 26, 2005, Plaintiff filed this civil rights action, pro se, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed an in forma pauperis application. (Doc. 2). The Magistrate Judge preliminarily screened the Complaint pursuant to the Prison Litigation Reform Act. In an initial Report and Recommendation filed on May 18, 2005, the Magistrate Judge recommended that Defendants Wynder, Bleich, Kneiss, Beard, Prison Health Services ("PHS"), Ginnochette and Stanish be dismissed for failure to state a claim against them pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and that this case proceed with respect to Plaintiff's Eighth Amendment medical treatment claim against Defendants Bohinski and Klisnewski. Additionally, the Magistrate Judge recommended that this case be remanded to him for further proceedings as to the Eighth Amendment claim against Defendants Bohinski and Klisnewski. (Doc. 7). On July 26, 2005, this Court issued an Order adopting the Magistrate Judge's Report and Recommendation as detailed above. (Doc. 13).

While the Report and Recommendation was pending with this Court, Plaintiff filed an Amended Complaint on June 10, 2005 with a support Memorandum. (Docs 11 & 12). In his Amended Complaint, Plaintiff renames several Defendants who were named in his original Complaint and who we have already dismissed by adopting the

---

[2] The following facts are primarily derived from Magistrate Judge Blewitt's Report and Recommendation, (Doc. 15).

3

Magistrate Judge's May 18, 2005, Report and Recommendation.

Plaintiff named four new Defendants in his Amended Complaint, namely James McGrady, Deputy Superintendent, CO Prapuolenis, Captain Schoonover, and Donald Jones, Hearing Examiner.  (Doc. 11).

In the report considered here, the Magistrate Judge recommends that we dismiss the claims against each of these new Defendants and all Defendants previously dismissed when this Court adopted the May 18, 2005, Report and Recommendation.

II.   DISCUSSION

A.   Plaintiff's Objections

On September 15, 2005, Plaintiff filed objections to the Magistrate Judge's August 12, 2005, Report and Recommendation. (Doc. 20).  Because Plaintiff's objections were both broad and vague, we will not revisit every issue discussed in the Magistrate Judge's Report and Recommendation.  Generally, Plaintiff states that he set forth viable claims against all Defendants and that his claims should proceed against each named Defendant.

In his Amended Complaint, Plaintiff names twelve Defendants, ten of which are alleged to be employees of SCI-Dallas.  Defendant Beard is Secretary of the Pennsylvania Department of Corrections ("DOC"), and Defendant Stanish is DOC Eastern Regional Director. These DOC supervisory Defendants cannot be held responsible for their subordinate DOC employees based on respondeat superior.  The twelve Defendants in the Amended Complaint are: Jeffrey A. Beard, Secretary of the Pennsylvania DOC; James T. Wynder, Superintendent; Kneiss, Deputy Superintendent; James McGrady, Deputy

4

Superintendent; Fritz Bleich, Lietenant; Patricia Ginnochetti, HCA; Dr. Bohinski, SCI-Dallas Medical Director; Dr. Stanish; PA Cheryl Klinewski; CO Prapiolenis; Capt. Schoonover; and Hearing Examiner Donald Jones.  (Doc. 11).  All of the Defendants are prison officials of the Pennsylvania DOC.[3]  Plaintiff seeks compensatory and punitive damages for pain and suffering as well as injunctive relief.  (Doc. 11).  Plaintiff is bringing his claims against all Defendants in their individual and official capacities.  (Doc. 11, p.2).

    The Magistrate Judge recommends that Plaintiffs claims against Defendants in their individual capacities be dismissed for failure to state a claim upon which relief can be granted.  When evaluating a pleading for failure to state a claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cor.1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).  A complaint filed by a pro se party should not be

---

[3] All of the named Defendants are state actors for purposes of § 1983.

dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980) (citation omitted).

In an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove the following elements in order to state a claim: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir.1993). Furthermore, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

We agree with the Magistrate Judge that Plaintiff has failed to state a claim against Defendants Wynder, Bleich, Kneiss, Beard, PHS, Ginnochette and Stanish. Therefore, Plaintiff's claims against these Defendants in their individual capacities should be dismissed.

The Magistrate Judge recommends that Plaintiff's claims against Defendants in their official capacities, to the extent he requests money damages, be dismissed pursuant to the Eleventh Amendment. The Eleventh Amendment applies to claims asserted in federal court under 42 U.S.C. 1983. Quern v. Jordan, 440 U.S. 332, 342 (1979). It prohibits suits brought in federal court against a

state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself. Pennhurst State Schools and Hospital v. Halderman, 465 U.S. 89 (1984); Allegheny County Sanitary Authority v. United States Environmental Protection Agency, 732 F.2d 1167 (3d Cir. 1984). To the extent that Plaintiff seeks monetary damages, the Defendants are immune under the Eleventh Amendment in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1991); Howlett v. Rose, 496 U.S. 356 (1990).

We agree with the Magistrate Judge that Plaintiff's claims against Defendants Wynder, Bleich, Kneiss, Beard, PHS, Ginnochette and Stanish in their official capacities are barred by the Eleventh Amendment. Therefore, Plaintiff's claims against these defendants should be dismissed.

    III.    Plaintiff's Eighth Amendment Claim

This case has a complicated procedural history, as is not uncommon in prisoner pro se cases. The Court, however, discerns the most viable claim of the Plaintiff to be the alleged failure of some Defendants to provide proper and adequate care for an injury received when he allegedly fell in his cell and injured his back, neck, shoulder and hand. This could amount to a valid Eighth Amendment claim against some Defendants.

Thus, our order in this case will be to accept the Magistrate Judge's recommendation that Plaintiff's Eighth Amendment claim regarding his medical care proceed only against Defendants Bohinski and Klisnewski. The Magistrate Judge recommends that the medical

7

claims against Defendants Ginnochette and Stanish be dismissed for the above stated reasons.  We agree with the Magistrate Judge that Plaintiff's Eighth Amendment claim regarding his medical care should go forward against only Defendants Bohinski and Klisnewski.

Because this claim will proceed before the Magistrate Judge, we will not discuss it in detail here.

### VI.    Plaintiff's Retaliation Claim

Plaintiff is directed to file a separate action, if he wishes to do so, on the allegation of retaliation against him by the parties named in his Amended Complaint.

### V.    Conclusion

Based on the foregoing discussion, we will ADOPT the Magistrate Judge's Report and Recommendation and REMAND Plaintiff's Eighth Amendment claim for inadequate medical care to the Magistrate Judge for further proceedings.

DATE: October 17, 2005            S/Richard P. Conaboy
                                  Richard P. Conaboy
                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
PHILLIP DANIELS,                    :
                                    :
     Plaintiff,                     :         Civil Action 05-830
                                    :
     i.                             :
                                    :
JEFFERY A. BEARD, et al.,           :         JUDGE CONABOY
                                    :
                                    :
     Defendants.                    :
```
_____

## ORDER

AND NOW this 17th day of October, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ordered that:

1. The Magistrate Judge's Report and Recommendation, (Doc. 15), is ADOPTED; and
2. Plaintiff's § 1983 claim is DISMISSED; and
3. Plaintiff's Eighth Amendment claim for conditions of confinement is DISMISSED; and
4. Plaintiff's Eighth Amendment claim for inadequate medical care shall proceed against Defendants Bohinski and Klisnewski; and
5. Plaintiff's retaliation claim will be addressed in a separate action, if Plaintiff chooses to file such action; and
6. This case is REMANDED to the Magistrate Judge for further proceedings consistent with this Order.

                                                              S/Richard P. Conaboy
                                                              Richard P. Conaboy
                                                              United States District Judge